IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00316-PAB-MEH

TIMOTHY BROTZMAN, and
BRIDGETT BROTZMAN,

    Plaintiffs,

v.

LIPPET, INC., d/b/a SENOR RIC'S MEXICAN RESTAURANT, and
STARBUCKS CORPORATION, d/b/a STARBUCKS COFFEE COMPANY, LTD.,

    Defendants.

## ORDER ON MOTION TO SEVER

Before the Court is Defendant Starbucks Corporation's Motion to Sever Parties [filed May 5, 2010; docket #24]. The matter is briefed and the Court finds that oral argument will not assist in the adjudication of the motion. For the reasons that follow, the Court **denies** the Motion to Sever.

Starbucks contends that, while the claims brought against each Defendant in the Second Amended Complaint are the same (ADA, negligence/premises liability, and loss of consortium), the facts and injuries underlying the claims are different and Plaintiff's allegations do not comply with Rule 20's requirement for joinder of parties. Plaintiff counters that his injuries from a fall at Senor Ric's restaurant partially caused and were aggravated by a second fall at the Starbucks restaurant and, thus, the Defendants must be joined for purposes of apportionment of fault for the injuries.

Starbucks brings this motion pursuant to Fed. R. Civ. P. 21 governing misjoinder and nonjoinder of parties and providing that "[t]he court may [ ] sever any claim against a party." A trial court has broad discretion on whether to sever parties or claims. *German by German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995).

The joinder of claims against multiple defendants in a single action is governed by Federal

Rule of Civil Procedure 20(a) which provides that persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2) (emphasis added); *see also Watson v. Blankenship*, 20 F.3d 383, 389 (10th Cir. 1994). The permissive joinder rule is to be construed liberally "to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010); *see also League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency,* 558 F.2d 914, 917 (9th Cir. 1997). The purpose of Rule 20(a) is to address the 'broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966); *see also Hagan v. Rogers*, 570 F.3d 146, 152 (3d Cir. 2009).

Under Rule 21, "[i]f the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th Cir. 1997). "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Upon a finding of misjoinder, a court has "two remedial options: (a) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately." *DirecTV, Inc. v. Leto,* 467 F.3d 842, 845 (3d Cir. 2006) (citing Fed. R. Civ. P. 21).

Here, the Court finds that, at this stage of the litigation, the Plaintiff has met the requirements for Rule 20 joinder. Specifically, I find that Plaintiff's permanent injuries - paralysis, nerve damage, uncontrollable muscle spasms and loss of bowel and bladder functions - resulting from the first fall and aggravated by the second fall, constitute a "single occurrence" for which discovery by and

between both Defendants may be necessary, particularly for the prosecution and defense of Plaintiff's negligence claims. *See Spencer v. Sytsma*, 67 P.3d 1, 3 (Colo. 2003). Starbucks contends that joinder of the Defendants in this case will complicate discovery, but I disagree. Sorting through potentially irrelevant witness testimony and/or medical records is a task that may likely occur in any lawsuit. Rather, discovery of Plaintiff's medical history in this case will be necessary for the Defendants who are *both* accused of causing his permanent injuries. Thus, keeping in mind the principles of fairness, justice and efficiency, and seeing no prejudice to the parties, I conclude that Defendants are not, at this early stage of the litigation, misjoined pursuant to Rule 21 and, therefore, I will not sever the Plaintiff's claims against them.

According, for the reasons stated herein, Defendant Starbucks Corporation's Motion to Sever Parties [filed May 5, 2010; docket #24] is **DENIED**.

Dated this 4th day of June, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge